UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 07-55M |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | DETENTION ORDER |
| ANDRZEJ JAN KWASNIAK, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

<u>Offense charged</u>:     Provisional warrant pursuant to extradition proceedings, pursuant to 18 U.S.C. § 3182

<u>Date of Detention Hearing</u>:    February 12, 2007

    The Republic of Poland has applied to the United States for the provisional arrest of the defendant pending the submission of a formal request for extradition pursuant to the Extradition Treaty entered into force between the United States and the Republic of Poland. Upon issuance of the provisional warrant, the Republic of Poland has sixty days to provide a formal request for extradition and supporting documents and evidence. The defendant was arrested on February 2, 2007 as he crossed the United States/Canadian border at Blaine, Washington. The United States

01  has moved to hold the defendant without bond pending extradition.

02  There is a strong presumption against bail in international extradition cases. *Wright v.*
03  *Henkel*, 190 U.S. 40, 62 (1903). Only "special circumstances" can overcome the presumption.
04  *Martin v. Warden, Atlanta Pen.,* 993 F.2d 824, 827 (11th Cir. 1993). Evidence that the fugitive
05  is not a risk of flight is not considered a special circumstance warranting bail. *United States v.*
06  *Salerno*, 878 F.2d 317, 318 (9th Cir. 1989).

07  The defendant has not shown the existence of any special circumstances that would justify
08  release on bail. Therefore, the government's motion to hold the defendant without bond pending
09  extradition is GRANTED.

10  It is therefore ORDERED:

11  (1) Defendant shall be detained pending extradition and committed to the custody of
12  the Attorney General for confinement in a correction facility separate, to the extent
13  practicable, from persons awaiting or serving sentences or being held in custody
14  pending appeal;

15  (2) Defendant shall be afforded reasonable opportunity for private consultation with
16  counsel;

17  (3) On order of a court of the United States or on request of an attorney for the
18  Government, the person in charge of the corrections facility in which defendant is
19  confined shall deliver the defendant to a United States Marshal for the purpose of
20  an appearance in connection with a court proceeding; and

21  / / /

22  / / /

(4)	The clerk shall direct copies of this Order to counsel for the United States, to counsel for the defendant, and to the United States Marshal.

DATED this 12th day of February, 2007.

*[signature]*
Mary Alice Theiler
United States Magistrate Judge