UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| ANDRZEJ JAN KWASNIAK, | ) | CASE NO. MJ 07-055 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| ROBERT PALMQUIST, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter comes before the Court on Petitioner's motion for habeas relief pursuant to 28 U.S.C. § 2241. The Court finds this matter appropriate for resolution without oral argument. Having reviewed the relevant materials submitted by the parties, the Court hereby finds and rules as follows.

**I.     BACKGROUND**

On February 2, 2007, petitioner Andrzej Kwasniak was arrested by agents of the United States Department of Homeland Security on an outstanding Polish arrest warrant transmitted via Interpol while entering the United States of America at the Blaine, Washington border crossing. He was detained, and a provisional arrest warrant was issued by this Court on February 3, 2007

ORDER
PAGE -1

pursuant to 18 U.S.C. § 3187. The Republic of Poland submitted a formal request for extradition to the United States Department of State on March 20, 2007, which was filed in this Court on March 30, 2007. Mr. Kwasniak was held at the Federal Detention Center at SeaTac, pending an evidentiary hearing as authorized by 18 U.S.C. § 3181 *et. seq.,* (the "extradition statute"). The hearing was held on May 30, 2007 and rescheduled to July 9, 2007 at the request of Mr. Kwasniak. (Dkt. Nos. 15, 16.) Following an extradition hearing on that date, the court entered a verbal decision granting the extradition request, and the formal Extradition Certification and an order of Commitment was signed and filed on July 12, 2007. Mr. Kwasniak was remanded to the custody of the Federal Detention Center at SeaTac, Washington to await surrender to the Republic of Poland under the provisions of the "Extradition Treaty Between the United State of America and The Republic of Poland, Signed at Washington on July 10, 1996" (hereafter "Treaty") between that government and the United States. On August 13, 2007, plaintiff filed a Petition for Writ of Habeas Corpus, alleging that his continued detention violates the Treaty.

**II.    ANALYSIS**

    **A.    Failure of the United States to Promptly Notify the Republic of Poland**

Petitioner alleges that the United States has not promptly notified the Republic of Poland of this Court's extradition order as required by the Treaty. ("The Requested State shall promptly notify the Requesting State of its decision on the request for extradition.", *Id.*, Article 14, ¶ 1.) Petitioner contends that the surrender of the person sought must take place within thirty days from the date on which the Requesting State (The Republic of Poland) is notified of the decision to extradite, in the absence of an otherwise specified deadline in the laws of the United States.

Respondent, however, correctly points to the two month statutory time limit set forth in

18 U.S.C. § 3188 as controlling. The thirty day time limit in the Treaty applies only "[i]f the law of the Requested State does not provide a specific time for surrender." (Article 14, ¶ 4.). The extradition statute provides that if any person "who is committed for rendition to a foreign government . . . is not so delivered up and conveyed out of the United States within two calendar months after such commitment", he "may" be ordered discharged out of custody unless sufficient cause is shown why such discharge ought not to be ordered. 18 U.S.C. § 3188.

Two calendar months from the entry of the order certifying the Petitioner's extradition would expire on September 12, 2007, a date which has not yet elapsed. Therefore, Petitioner fails to show that the United States has violated the Treaty by failing to promptly notify the Republic of Poland of its decision on the request for extradition.

**B. Other Arguments**

Respondent contends that it is the decision of the United States Department of State to proceed with extradition, not the decision of this Court, that causes the time limits set forth in the Treaty as well as in the extradition statute to begin to run. Respondent further argues that, even if the United States failed to provide prompt notification to the Republic of Poland, that the United States' efforts to move matters along provide sufficient cause as to why Petitioner's discharge should not be ordered. Respondent also argues that the Petition should be dismissed because the notification provision of the Treaty does not provide a private right of action to an allegedly aggrieved party, and that the Petition is defective because it was not verified.

Because the Court finds that time of commitment pending extradition has not yet lapsed, the Court need not address Respondent's other arguments.

/ / /

### III. CONCLUSION

For the foregoing reasons, the Court DISMISSES Petitioner's habeas petition. The Clerk is DIRECTED to send copies of this Order to counsel for Petitioner and for Respondent.

SO ORDERED this 7th day of September, 2007.

Mary Alice Theiler
United States Magistrate Judge